IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEMENT HAMPTON-EL, 34854-054,

Petitioner,

       vs.                                      CIVIL NO. 14-cv-311-DRH

WALTON,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      This matter is now before the Court on petitioner's writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2241.  Petitioner challenges his January 1996 sentence entered by the United States District Court for the Southern District of New York in *United States v. Elgabrowny, et al.*, No. 93-cr-181 (S.D.N.Y. March 17, 1993) (Doc. 512).  Petitioner argues that his sentence exceeded the statutory maximum and was improperly calculated under the sentencing guidelines (Doc. 1).  This is the first time petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, the petition shall be **DISMISSED**.

## Background

      Petitioner is one of fifteen defendants charged with multiple offenses[1]

---

[1] All fifteen defendants were indicted together and, in August 1993, charged with crimes that included (1) conspiring from the late 1980's until 1993 to levy a war of urban terrorism against the United States, in violation of 18 U.S.C. § 2384; (2) conspiring during the same time period to carry out bombings, in violation of 18 U.S.C. §§ 371 and 844; and (3) attempting in the Spring of 1993 to bomb several New York City landmarks,

arising from domestic terrorist activities that included the February 26, 1993, bombing of the World Trade Center. *See United States v. Elgabrowny*, 10 Fed. App'x 23, *1 (2d Cir. 2001). In connection with these activities, petitioner was charged with seditious conspiracy to wage war against the United States, bombing conspiracy, and attempted bombing, among other offenses. *United States v. Elgabrowny, et al.*, No. 93-cr-181 (S.D.N.Y. March 17, 1993) (Doc. 19). Following a nine month jury trial, petitioner and his co-defendants were found guilty of all submitted counts, except for the acquittal of two co-defendants on a bombing conspiracy charge. *See United States v. Elgabrowny*, 10 Fed. App'x 23, *1 (2d Cir. 2001). On January 17, 1996, the United States District Court for the Southern District of New York sentenced petitioner to twenty years in prison for seditious conspiracy, five years for the bombing conspiracy, and five years for attempted bombing, with all sentences to run consecutively. *United States v. Elgabrowny, et al.*, No. 93-cr-181 (S.D.N.Y. March 17, 1993) (Doc. 512).

Ten defendants, including petitioner, appealed. *United States v. Rahman*, 189 F.3d 88 (2d Cir. 1999). The grounds for appeal were numerous and, to the extent they are relevant here, are discussed in more detail below. On August 16, 1999, the Second Circuit sustained the convictions and affirmed the sentences of petitioner and all but one co-defendant. *United States v. Rahman*, 189 F.3d 88 (2d Cir. 1999), *cert. denied*, 528 U.S. 982 (1999).

---

including the Holland and Lincoln Tunnels, the United Nations, and the office building at 26 Federal Plaza that houses the Federal Bureau of Investigation, among other agencies. *See United States v. Elgabrowny, et al.*, 2003 WL 22416167, *1 (S.D.N.Y. October 22, 2013) (summarizing charges).

Nine defendants, including petitioner, filed post-trial motions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct their sentences in the Southern District of New York. *United States v. Elgabrowny, et al.*, 2003 WL 22416167 (S.D.N.Y. October 22, 2003). They argued "principally, but not exclusively, that their sentences were imposed in violation of principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that their lawyers failed to provide effective assistance at trial, in connection with [their] sentence[s], and on appeal." The district court held that *Apprendi* did not apply retroactively to the case and, in any event, provided no support for their arguments. The district court further held that defendants were provided with "able and diligent representation"—although it is unclear whether petitioner specifically raised this argument on appeal. *United States v. Elgabrowny, et al.*, 2003 WL 22416167, *1 (S.D.N.Y. October 22, 2003).

In his § 2255 motion, petitioner also argued that there is no specific sentencing guideline for defendants convicted of seditious conspiracy, and the district court's reliance on sentencing guidelines for treason, as the most analogous guideline, was in error. *Id.* at *13. Petitioner asserted that Amendment 591 to the U.S. Sentencing Guidelines, effective November 1, 2000, placed the computation of his sentence in doubt. *Id.* (citing U.S.S.G. App. A, at 443 (2000)). Applying this amendment retroactively would reduce petitioner's sentence. The district court noted that the treason sentencing guideline, U.S.S.G. § 2M1.1, used to compute petitioner's sentence was affirmed by the Second

Circuit. *Id.* (citing *United States v. Rahman*, 189 F.3d 88, 150-54 (2d Cir. 1999)). The district court went on to find that the amendment had "no application whatsoever to computation of Hampton-El's sentence, or any other sentence imposed in th[e] case." *Id.* at *13. The district court denied the § 2255 motions.

## The Habeas Petition

In the instant petition, petitioner challenges his federal sentence on three grounds (Doc. 1). First, petitioner asserts that his sentence, which the district court calculated using the treason sentencing guidelines, incorrectly exceeds the statutory maximum for seditious conspiracy by fifteen years (Doc. 1, p. 6). Second, petitioner argues that the district court had no jurisdiction to sentence him under the treason guidelines because he was never charged with or convicted of treason (Doc. 1, pp. 7, 10). Third, petitioner maintains that U.S.S.G. § 5G11.1 prohibits the district court from imposing a sentence greater than the statutory maximum for a single conspiracy count (Doc. 1, pp. 7, 11).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully

reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

A petition seeking habeas relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992).

In his § 2241 petition, petitioner attacks the validity of his sentence and asks the Court to vacate it. As such, the petition involves a collateral attack on petitioner's sentence, which is traditionally brought pursuant to 28 U.S.C. § 2255. However, petitioner has already pursued relief under § 2255. He is therefore barred from pursuing further relief under that section unless he first obtains permission from the Court of Appeals to bring a second or successive motion or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. *Gray-Bey v. United States*, 209 F.3d 986, 988-90 (7th Cir. 2000); *In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998). According to the instant petition, petitioner has not requested leave to file a second § 2255 motion (Doc. 1, p. 4). Further, this does not appear to be one of the few instances in which a petitioner may seek collateral relief under § 2241.

In *Davenport*, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in § 2255 motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated. *Id.* at 611-12. Moreover, federal inmates are permitted to pursue collateral relief through § 2241 only where the remedy provided by § 2255 "is inadequate or ineffective to test the legality of his detention." *Taylor v. Gilkey*, 314 F.3d 832, 834 (7th Cir. 2002). Section 2255 is only inadequate when the prohibition against second or successive motions prevents a prisoner from obtaining review of a legal theory that establishes his "actual innocence" or where a structural problem forecloses even one round of effective collateral relief. *Id.* at 835.

Although petitioner previously filed a § 2255 motion, it is unclear whether petitioner raised these exact arguments, and, if not, why he had no opportunity to do so. Regardless, the petition fails to satisfy the requirements set forth in *Davenport*, because petitioner does not identify any change in the law—much less one that is retroactive—as the basis for his claims. In fact, the only law cited is

the U.S. Constitution, which certainly predates petitioner's conviction and sentence.

Further, petitioner makes no legitimate argument that he did not have a reasonable opportunity to raise his claims in the § 2241 petition based on a fundamental change in the law after his § 2255 motion. *See Collins v. Holinka*, 510 F.3d 666, 667-68 (7th Cir. 2007) (noting that the district court must consider a § 2241 on its merits where § 2255 does not offer a petitioner a chance to test the validity of his conviction, and he presents an actual innocence claim). He sets forth no legal theory supporting a non-frivolous claim of actual innocence; in fact, petitioner does not allege that the conduct charged in the indictment is no longer a crime. *See Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003) (discussing cases in which actual innocence was found where the prisoners "could admit everything charged in their indictment, but the conduct no longer amounted to a crime under the statues (as correctly understood)"). Petitioner is attacking only his sentence and not his conviction. Therefore, he is "innocent," if at all, only in a technical sense. *See Davenport*, 147 F.3d at 609.

It appears that § 2255 is neither inadequate nor ineffective to test the validity or legitimacy of petitioner's conviction and sentence. Petitioner's § 2241 petition represents an improper attempt to avoid the procedural limitations and requirements associated with § 2255 motions. Under the circumstances, petitioner is not entitled to proceed under § 2241.

## Disposition

Based on the foregoing discussion, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 3rd day of April, 2014.

Digitally signed by
David R. Herndon
Date: 2014.04.03
15:14:50 -05'00'

**Chief Judge
U.S. District Court**